## UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

BYRON BEDELL,                    :
                                 :
          Plaintiff              :    No. 1:16-CV-00019
                                 :
     vs.                         :    (Judge Kane)
                                 :
UNITED STATES OF AMERICA,        :
                                 :
          Defendant              :

### MEMORANDUM

### Background

On January 6, 2016, Plaintiff Byron Bedell, an inmate incarcerated at the United States Penitentiary, Administrative Maximum, Florence, Colorado ("USP-Florence ADMAX"), filed a complaint against the United States of America[1] pursuant to 28 U.S.C. § 1331 setting forth claims under the Federal Tort Claims Act ("FTCA") regarding the alleged failure of the Federal Bureau of Investigation ("FBI") to investigate his claim that he was tortured while housed at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewisburg").[2] (Doc. No. 1, at 2-11,

---

1.  Bedell refers to the defendant as "United States, Inc."

2.  28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States."
    The FTCA provides a remedy in damages for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of [the United States] while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place
                                                  (continued...)

Complaint.)   The complaint is completely conclusory with respect to the alleged torture. Id.  Bedell does not specify the dates he was tortured or how he was tortured. Id.  Bedell does not set forth any names of the employees of the Bureau of Prisons responsible for the alleged torture. Id.  Bedell merely claims he reported the "torture" to the FBI at the "Philadelphia Division/Harrisburg Resident Agency" and that they failed to investigate his claims. Id.  Bedell then indicates that he filed an administrative tort claim with the FBI and the FBI failed to appropriately respond and, consequently, the FBI defaulted on its contractual obligation and, therefore, the United States is liable to him in the amount of $635,200,000.[3] Id.  Bedell's complaint for

---

2.  (...continued)
where the act or omission occurred." 28 U.S.C. § 1346(b)(1). With respect to negligence or wrongful acts or omissions the FTCA excludes several types of claims, including the intentional torts of assault, battery, false imprisonment, false arrest with exception of acts or omissions of investigative or law enforcement officers of the United States. 28 U.S.C. § 2680. "Investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). Also, excluded are claims involving the exercise of a discretionary function or duty of a federal agency or employee of the government "whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

3.  In documents other than the complaint, and exhibits attached to those documents, it appears that Bedell claims that during the period March, 2011, to November, 2013, while housed at USP-Lewisburg he was tortured by being placed in ambulatory restraints that were excessively tight causing pain and cutting off circulation; he was forced to occupy a cell in the winter with the window open; and he was forced to lay in urine and feces for hours. (See Doc. Nos. 2, 2-1.) A close reading of the
(continued...)

damages is solely premised on the alleged negligence of the FBI in failing to investigate his torture claim.

Attached to the complaint is an order dated July 22, 2015, from the United States Court of Federal Claims, in <u>Bedell v. The United States</u>, Case No. 1:15-cv-00522-EGB (Fed. Cl. filed May 19, 2015), dismissing a similar action filed by Bedell for lack of jurisdiction and states in relevant part as follows:

> Plaintiff alleges that federal employees committed a variety of tortious and criminal acts against him during his incarceration at the federal penitentiary in Lewisburg, Pennsylvania. First, plaintiff alleges that employees at the penitentiary tortured him, assaulted and battered him, and treated him in other cruel and inhumane ways. Second, he accuses the federal employees of breaching their contractual and fiduciary duty to investigate and respond to his reports of mistreatment.  Plaintiff asserts that he informed defendant of these crimes, and defendant remained silent instead of taking the opportunity to investigate the crimes and respond accordingly. Third, plaintiff alleges that defendant conspired to hide its "malfeasance, malum prohibitum, ultra vires acts, [and] the obstruction of justice" by concealing evidence of the unlawful acts committed by federal employees at the penitentiary. ]

> Finally, plaintiff claims that defendant entered into a contract with him through the doctrine of acquiescence and acceptance. Specifically, plaintiff claims that he "proposed to the defendant" an "expressed contractual agreement," and the defendant gave its "consensual agreement to pay the sum certain amount of $125 million dollars" for its participation in the alleged crimes.[] Plaintiff alleges that he served a tort claim along with affidavits to the Director of the FBI.  No one from the FBI responded to plaintiff's

---

3.  (...continued)
complaint and other documents suggests that Bedell was repeatedly charged with violating prison regulations which resulted in his ultimate transfer to USP-Florence ADMAX.

> submission, and plaintiff alleges that defendant's
> silence is tantamount to stipulating, agreeing, and
> confessing to the crimes alleged.

(Doc. 1-2, at 2-4.)  The Federal Court of Claims went on to state

that the Tucker Act, 28 U.S.C. § 1491(a)(1) "specifically excluded

from the court's jurisdiction [] cases involving allegations of

tortious conduct" and, therefore, the court was required to

dismiss the tort claims for lack of jurisdiction. (Id. at 3.) The

Federal Court of Claims then turned to Bedell's contract claim and

stated in relevant part as follows:

> Here, plaintiff alleges that he "proposed" a contract
> . . . and that the government acquiesced to it by
> failing to respond to it.  He does not allege that the
> government accepted the offer, otherwise even intended
> to enter into a contract, that the parties exchanged
> consideration, or that the government official involved
> had the authority to bind the government to plaintiff's
> proposal. Plaintiff instead alleges a "gotcha" theory
> of contract formation in which the FBI's silence in
> responding to plaintiff's correspondence operated to
> obligate the United States to plaintiff's demand.
> Active acceptance, however, not silence, is required
> for the government to be bound by contract. [citations
> omitted] Plaintiff has not pled the elements of a valid
> contract between himself and the United States.

(Id. at 3-4.)  Bedell then came to this court and filed an action

under the FTCA.  Along with the complaint, Bedell filed a motion

for leave to proceed in forma pauperis under 28 U.S.C. § 1915.

(Doc. No. 2.)  On February 3, 2016, Bedell submitted a letter to

the court in which he stated that the complaint he filed was not a

civil rights complaint but a complaint filed under the FTCA. (Doc.

No. 5.)

The Prison Litigation Reform Act (the "PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996) imposed new obligations on prisoners who file suit in federal court and wish to proceed _in forma pauperis_ under 28 U.S.C. § 1915, _e.g._, the full filing fee ultimately must be paid (at least in a non-habeas suit). Also, a new section was added which relates to screening complaints in prisoner actions.[4]  For the reasons outlined below, Bedell will be granted _in forma pauperis_ status and the complaint will be dismissed under the discretionary function exception to the FTCA.

## Discussion

When considering a complaint accompanied by a motion to proceed _in forma pauperis_, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions.  _Neitzke v. Williams_, 490 U.S. 319, 327-28 (1989); _Wilson v. Rackmill_, 878 F.2d 772, 774 (3d Cir. 1989).  Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks

---

4.  Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (quoting <u>Sultenfuss v. Snow</u>, 894 F.2d 1277, 1278 (11th Cir. 1990)).  The Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992); <u>see also</u> <u>Roman</u>, 904 F.2d at 194 (baseless factual contentions describe scenarios clearly removed from reality).  The Third Circuit added that "the plain meaning of 'frivolous' authorizes the dismissal of <u>in forma pauperis</u> claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." <u>Deutsch v. United States</u>, 67 F.3d 1080, 1083 (3d Cir. 1995).  It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton</u>, 504 U.S. at 33.

Even though a complaint is not frivolous it still may be dismissed under the screening provision of the PLRA if it fails to state a claim upon which relief may be granted.  Fed.R.Civ.P. 12(b)(6) is the basis for this type of dismissal.  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of

6

the complaint, the plaintiff may be entitled to relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008)).  While a complaint need only contain "a short and plain statement of the claim," Fed.R.Civ.P. 8(a)(2), and detailed factual allegations are not required, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  Id. at 570, 550 U.S. 544, 127 S.Ct. 1955 at 1974, 167 L.Ed.2d 929.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965.) "[L]abels and conclusions" are not enough, Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65, and a court  "'is not bound to accept as true a legal conclusion couched as a factual allegation.'" Id., 127 S.Ct. at 1965 (quoted case omitted).

        In resolving the issue of whether a complaint states a viable claim, we thus "conduct a two-part analysis." Fowler, supra, 578 F.3d at 210. First, we separate the factual elements from the legal elements and disregard the legal conclusions. Id. at 210-11.  Second, we "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'" Id. at 211 (quoted case omitted).

This court must first address the question of its subject matter jurisdiction which "'involves a court's power to hear a case [and] can never be forfeited or waived'" Arbaugh v. Y & H Corporation, 546 U.S. 500, 514 (2006)(quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Furthermore, district court's "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. (citing Ruhrgas AG v. Marathon Oil Co., 526 U.s. 574, 583 (1999)). The FTCA is a limited waiver of the United States' sovereign immunity and is the potential basis for this court's subject matter jurisdiction. CNA v. United States, 535 F.3d 132, 139-142 (3d Cir. 2008); Sargent v. United States, 620 F. App'x 69, 71 (3d Cir. July 13, 2015)("The FTCA offers a limited waiver of the federal government's sovereign immunity as to the negligent acts of government employees acting within the scope of their employment."). As noted earlier, exempted from the waiver are several types of claims. 28 U.S.C. § 2680.

Bedell at the time he filed the complaint was incarcerated at USP-Florence ADMAX. He alleges that on April 10, 2013, he submitted a notice to the "Federal Bureau of Investigation (Philadelphia Division/Harrisburg Resident Agency)" regarding the alleged torture. On November 14, 2013, Bedell submitted an administrative tort claim (Standard Form 95) to the Director of the FBI in Washington, D.C., and on September 30, 2014, he submitted a Standard Form 95 to the United States

8

Department of Justice, Justice Management Division, in Washington, D.C.  On December 18, 2014, the Civil Division, Torts Branch of the Department of Justice responding to Bedell's administrative tort claim noting that it was received on October 7, 2014, but because his claim concerned an alleged administrative tort claim dated September 30, 2014, involving the FBI the administrative tort claim would be forwarded to the FBI and that all further communication should be directed that agency. (Doc. No. 2-1, at 3.)

The FTCA provides a remedy in damages for the simple negligence of employees of the United States to protect federal inmates.  United States vs. Muniz, 374 U.S. 150, 150 (1963).  In presenting a FTCA claim, a plaintiff must show:  (1) that a duty was owed to him by a defendant; (2) a negligent breach of said duty; and (3) that the negligent breach was the proximate cause of the plaintiff's injury/loss.  Mahler v. United States, 196 F. Supp. 362, 364 (W.D. Pa. 1961), aff'd, 306 F.2d 713 (3d Cir.), cert. denied, 371 U.S. 923 (1962).

As stated above the FTCA is a limited waiver of the United States government's sovereign immunity from suit in federal court for the negligent actions of its employees.  One of the limitations is known as the discretionary function exception.  In United States v. Gaubert, 499 U.S. 315, 322 (1991) the Supreme Court held that the discretionary function exception protects the conduct of federal employees at all levels of government. Under

this exception, a court is to "consider the nature of the conduct and determine whether it involves 'an element of judgment or choice.'" Ochran v. United States, 117 F.3d 495, 499 (11ᵗʰ Cir. 1997)(quoting Gaubert, 499 U.S. at 322).  If the conduct at issue involves the exercise of judgment or choice, the court must decide whether that judgment or choice is grounded in considerations of public policy and in making that determination the court does not focus on the subjective intent of the employee. Ochran, 117 F.3d at 500.  Instead, the court focuses "on the nature of the action taken and on whether they are susceptible to policy analysis." Id. (quoting Gaubert, 4999 U.S. at 325); see also Mitchell v. United States, 225 F.3d 361, 363-364 (3d Cir. 2000). Furthermore, the fact that actions are taken at an "operational level" not a "policy level," does not remove the official's action from the discretionary function exception. Gaubert, 499 U.S. at 325.

As set forth above, Gaubert sets forth a two pronged test to determine whether the discretionary function exception is applicable. First, a court is to "consider the nature of the conduct and determine whether it involves 'an element of judgment or choice.'" Gaubert, 499 U.S. at 322.  If the court determines the conduct at issue involves an exercise in judgment, the court must then focus, "on the nature of the actions taken and on whether they are susceptible to policy analysis" and as stated above actions taken at the operational level do not remove the employee's actions from the exception.  Id. at 325.

10

It is clear that how and under what circumstances a law enforcement officer conducts a criminal investigation is a discretionary function. Pooler v. United States, 787 F.2d 868, 871 (3d Cir.), cert denied, 479 U.S. 849 (1986); Suter v. United States, 441 F.3d 306, 310-311 (4th Cir. 2004);  Horta v, Sullivan, 4 F.3d 2, 21-22 (1st Cir. 1993); Kelly v. United States, 924 F.2d 355 (1st Cir. 1992); Georgia Cas. & Sur. Co. V. United States, 823 F.2d 260, 263 (8th Cir. 1987); Torres-Dueno v. Unite States, 165 F.Supp.2d 71, 73-74 (D.Puerto Rico 2001); see also Leogrande v. New York, 2013 WL 1283392, at * 14 (E.D.N.Y. March 29, 2013)("[The] claim [against the United States] must fail because the discretionary function exception to the FTCA bars claims challenging the Federal Defendant's alleged failure to investigate plaintiff's claim.").

The decision to investigate or not investigate a crime involves an element of judgment or choice.  Furthermore, no federal statute, regulation, or policy requires the FBI to take a particular course of action relating to investigating crimes which are reported to it.

Finally, even if the conduct at issue were not protected by the discretionary function exception, this court would not have subject matter jurisdiction of the FTCA claim.  As noted earlier, the FTCA provides a remedy in damages for "injury or loss of

11

property, or personal injury or death caused by the negligent or
wrongful act or omission of any employee of [the United States]
while acting within the scope of his office or employment, <u>under</u>
<u>circumstances where the United States, if a private person, would</u>
<u>be liable to the claimant in accordance with the law of the place</u>
<u>where the act or omission occurred.</u>" 28 U.S.C. § 1346(b)(1)
(emphasis added.)  Under Pennsylvania law a plaintiff is required
to show that the defendant's negligence was the proximate cause of
his injury by a preponderance of the evidence. <u>Baum v. United</u>
<u>States</u>, 541 F. Supp. 1349, 1351 (M.D. Pa. 1982).  Furthermore,
Pennsylvania law defines proximate cause as causation which was a
substantial factor in bringing about the injury.[5] <u>Hamil v.</u>
<u>Bashline</u>, 481 Pa. 256, 265, 392 A.2d 1280, 1284 (1978).  Thus to
hold the United States liable for the FBI failure to investigate,
Bedell must show that, under Pennsylvania law, a private person in
similar circumstances would be liable.  Pennsylvania law does not
require a private person to investigate a crime.[6]

---

5.  Bedell has not alleged facts in the complaint from which it
could be concluded that the alleged failure to investigate was
the proximate cause of any injury he suffered.

6.  Furthermore, if the court assumed an FBI agent is similar to
either a State of local law enforcement officer, under
Pennsylvania law the agent would be immune for the following
reasons. A "Commonwealth party" is defined as "[a] Commonwealth
agency and any employee thereof, but only with respect to an act
within the scope of his office or employment." 42 Pa.C.S.A. §
                                                  (continued...)

12

In light of the above discussion, the court will dismiss Bedell's complaint with prejudice because his claims are barred by the sovereign immunity of the United States and it would be futile to permit him to file an amended complaint. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Thompson v. United States, 2008 WL 471553, at *2

---

6.  (...continued)
8501.  Sovereign immunity bars claims against Commonwealth parties except for certain types of cases set forth in 42 Pa.C.S.A. § 8522.  Those types of cases are those involving the following: (1) vehicle liability; (2) medical-profession liability (doctor, nurse, dentist or related health care personnel); (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; and (9) Toxoids and vaccines. Likewise, with respect to local agencies "[a]n employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency and subject to the limitations imposed by [law]." 42 Pa.C.S.A. § 8545.  Liability of local agencies are strictly limited to certain types of claims involving the following: (1) vehicles: (2) care, custody or control of property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody and control of animals. 42 Pa.C.S.A. § 8542.  A "local agency" is defined as "[a] government unit other than the Commonwealth government. The term includes, but is not limited to, and intermediate unit; municipalities cooperating in the exercise or performance of governmental functions, powers or responsibilities . . . and council of government and other entities created by two or more municipalities[.]"

(M.D.Pa. Feb. 19, 2008)(Jones, J.)(complaint dismissed with prejudice where claims barred by sovereign immunity).

An appropriate order will be entered.